COWART, Judge.
The determinative issue on this appeal is whether the driver/tortfeasor of a tractor trailer engaged in interstate commerce which collided with another vehicle was an employee of the lessee or of the lessor of the vehicle or both for purposes of an indemnification agreement between the lessee and lessor.
Pursuant to a trip lease agreement, Milan Express Co. leased from Atlantic Goods Services, Inc. a tractor trailer for use in delivering goods of a customer from Tennessee to South Florida. Atlantic provided the driver, Gonzalez, who in fact executed the trip lease agreement on Atlantic’s behalf. Before reaching his destination in Florida, Gonzalez struck another tractor trailer in Osceola county, resulting in the death of its driver, Swan, as well as Gonzalez. Swan’s estate brought a wrongful death action against Atlantic and Milan.
After settling the estate’s claim for $60,-000 Milan sued Atlantic for indemnity or contribution pursuant to paragraph 10 of the trip lease agreement which provided:
10. Lessee [Milan] agrees to maintain insurance for the protection of the public in accordance with 49 C.F.R. § 1043 and 49 U.S.C. § 10927. However, lessor [Atlantic] hereby agrees that it will indemnify and save harmless Lessee through deduction or payment for any and all claims, suits, losses, fines or other expenses arising out of, based upon, or incurred because of injury to any person or persons or damage to property (other than cargo) and sustained or which may be alleged to have been sustained as result of the use of the equipment leased hereby during the term of the lease by reason of any negligence or alleged negligence on the part of the lessor, its agents, servants, or employees....
*810 Both parties moved for summary judgment on Milan’s claim and the trial court entered summary final judgment in favor of Milan, finding it was entitled to contribution equal to 76% of the $60,000 settlement on the basis that 76% of the negligence of Gonzalez was attributable to Atlantic. This percentage of fault apparently derives from the division of revenues identified under the trip lease agreement.
We reverse because the record establishes as a matter of law that for purposes of the indemnity provision between the lessor and lessee, Gonzalez was an employee of the lessor, Atlantic. While the federal scheme regulating interstate motor carriers imposes upon lessees such as Milan primary responsibility to the public for tort liability arising out of the operation of leased motor vehicles engaged in interstate commerce,[1] indemnity provisions in trip lease agreements allocating ultimate responsibility between the lessor and lessee are valid. See Transamerica Freight Lines, Inc. v. Brada Miller Freight Systems, Inc., 423 U.S. 28, 96 S.Ct. 229, 46 L.Ed.2d 169 (1975); Jones Truck Lines, Inc. v. Ryder Truck Lines, Inc., 507 F.2d 100 (6th Cir.1974), cert. denied, 423 U.S. 983, 96 S.Ct. 391, 46 L.Ed.2d 301 (1975). The indemnity provision involved here specifically declares that Atlantic, as lessor, would indemnify Milan, as lessee, for claims arising out of the negligence of the lessor, its agents, servants or employees. Gonzalez, who executed the trip lease on behalf of Atlantic, was a regular driver for Atlantic which compensated him, paid his workers’ compensation insurance and provided him paid vacation. Under Tennessee law, which applies to the construction of the trip lease agreement executed in Tennessee, see Andrews v. Continental Insurance Co., 444 So.2d 479 (Fla. 5th DCA 1984), rev. denied, 451 So.2d 847 (1985), Atlantic had the right to control Gonzalez and Gonzalez was thus its employee. As such, Milan was entitled to indemnification from Atlantic for the full amount it paid in settlement of the Swan estate's wrongful death claim which was predicated on Gonzalez’s negligence.
REVERSED AND REMANDED for entry of judgment in accordance with this opinion.
DAUKSCH and COBB, JJ„ concur.

. See 49 U.S.C. §§ 10927(a)(1), 11107(a)(4), 49 C.F.R. §§ 1043, 1057.12(c)(j)(l). There is no dispute as to the fact that Milan complied with these federal dictates by procuring adequate liability insurance.